## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| KRISTA L. BURNS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:07-cv-817-SEB-JMS |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

### Entry Granting Application for
### Attorney Fees under the Equal Access to Justice Act

#### I. Background

Krista L. Burns ("Burns") applied for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") based on several severe physical and mental impairments. Her applications were denied initially, on reconsideration, and by an Administrative Law Judge ("ALJ"). The Appeals Council denied review and on judicial review this court determined that the ALJ's decision was not supported by substantial evidence and remanded the case to the ALJ for further consideration.

Burns has moved for an award of attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). For the reasons discussed below, Burns' motion (dkt 24) is **granted.**

#### II. Discussion

The EAJA provides that a successful litigant against the federal government is entitled to recover her attorneys' fees if: 1) she was a "prevailing party"; 2) the government's position was not "substantially justified"; 3) there existed no special circumstances that would make an award unjust; and 4) she filed a timely application with the district court. 28 U.S.C. § 2412(d)(1)(A), (B); *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006). The plaintiff here is the prevailing party, no "special circumstances" are alleged, and the fee application was timely. The only disputed point is whether the Commissioner's position was substantially justified.

Fees may be awarded if either the Commissioner's pre-litigation conduct or litigation position was not substantially justified. *Cunningham*, 440 F.3d at 863. To be substantially justified the Commissioner's position must have "reasonable factual and legal bases, and there must exist a reasonable connection between the facts and [his] legal theory." *Id.* at

864. A "reasonable basis in law and fact" means "a reasonable person could believe the position was correct." *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). The Commissioner bears the burden of proving that his position was substantially justified. *Cunningham*, 440 F.3d at 864.

As noted, after reviewing the administrative record and considering the arguments of the parties, the court concluded that the Commissioner's (ALJ's) decision in this action was deficient. As explained in the Entry issued on August 25, 2008, the court agreed with all of Burns' claims of error.

First, the ALJ had failed to discuss any of the evidence relevant to the criteria of Listing 1.04. The court rejected the Commissioner's attempt to fill in the ALJ's omissions at step three of the analysis. *Entry Discussing Complaint for Judicial Review*, at 4. ("The Commissioner responds that Burns has not shown that she can satisfy the "inability to ambulate effectively" element, however, the ALJ did not discuss that element nor did he weigh the evidence relevant to that element, and it is not the court's place to make that determination in the first instance. The record contains references to limited range of motion, weakness, an antalgic gait, positive straight leg raising tests, and significant nerve root impingement.").

Second, the ALJ failed to find that Burns had a severe mental impairment in spite of having taken Prozac for depression for ten years, four emergency room visits caused by panic disorder and anxiety, a Global Assessment of Functioning ("GAF") score of 40, and numerous complaints of symptoms of depression and anxiety. *Id.* Third, the ALJ failed to consider all of the relevant factors in making his credibility determination in accordance with Social Security Ruling 96-7p. In its decision to remand, the court stated that, "in fact, the ALJ appears to have based his credibility determination on a few isolated findings from portions of the objective record." *Id.* at 6. These errors tainted the ALJ's hypothetical questions posed to the vocational expert, resulting in errors at steps two, three, four and five of the sequential process.

The Commissioner argues that in the context of the EAJA, the ALJ's errors were not severe enough to conclude that the Commissioner's defense lacked substantial justification. The court disagrees. Contrary to the Commissioner's contention, this was not a case in which the ALJ merely failed to articulate his analysis as carefully as necessary.

The court did not reject any of Burns' arguments and did not adopt any position taken by the Commissioner. Under these circumstances, the Commissioner's position did not have a reasonable basis in law and fact.

### III.  Conclusion

       The court finds that the Commissioner has not carried his burden of establishing that his position in this case was substantially justified. Accordingly, Burns' motion for attorney fees (dkt 24) is **granted.**  The Commissioner has not challenged the amount of the request and the court finds the request of $3,749.81 in fees and costs to be reasonable. A separate order consistent with this ruling shall now issue.

       **IT IS SO ORDERED.**


Date:  03/31/2009

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana